UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:95-cr-00361-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE CHAVEZ,

    Defendant.

                                   /

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Jorge Chavez's ("Chavez") Motion to Reduce Sentence. DE 349. On November 21, 2016, Chavez was sentenced to a term of imprisonment of 121 months for conspiracy to import cocaine. DE 319. He now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The Court has carefully reviewed the Motion to Reduce Sentence and the record and is otherwise fully advised in the premises.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making

the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. Extraordinary and compelling reasons may exist where a defendant is suffering from a certain type of medical condition or illness. *See id.* § 1B1.13, application note 1(A), (B). Extraordinary and compelling reasons may exist following the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or following the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13, application note 1(C). Finally, extraordinary and compelling reasons may exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D).

As an initial matter, Chavez admits that he did not exhaust administrative remedies before filing his Motion to Reduce Sentence. He argues, however, that the privately-managed correctional facility in which he is confined, Moshannon Valley Correctional Institution ("MVCI"), does not have a warden and that there is no one to review his request for compassionate release. Thus, he contends that there are no administrative remedies available to him.

The Court need not, and does not, resolve the issue of whether there are administrative remedies available that Chavez should have exhausted before filing at motion under § 3582(c)(1)(A). This is because, putting the exhaustion requirement in § 3582(c)(1)(A) to the side, the Court nevertheless concludes that a sentence reduction is inappropriate under the circumstances of this case.

2

As a basis for sentence reduction, Chavez states that medical care is inadequate at MVCI and that he is more susceptible to contracting COVID-19 in MVCI, which is overcrowded. The Court is sympathetic to his concerns about the conditions of his confinement, especially in light of the COVID-19 pandemic. However, he has provided no extraordinary and compelling reason, as defined under the law, that justifies a sentence reduction. He does not maintain that he suffers from a medical condition or illness, and he does not point to any other factor that meets the definition of an extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13, application note 1.

Chavez acknowledges that, as of the date that he filed his Motion to Reduce Sentence, there were no confirmed cases of COVID-19 at MVCI. DE 349 at 4. MVCI still has had no confirmed case of the disease as of the date of this Order. *See* https://www.bop.gov/coronavirus/docs/private_prisons_COVID_data.pdf (last visited May 8, 2020). The Court understands Chavez's fear that COVID-19 might spread to MVCI. However, at this point, MVCI has had no confirmed case of the disease, and the Court has been presented with no information to indicate that mitigation measures will be ineffective at MVCI.

The Court also notes that, upon the completion of his term of imprisonment, Chavez will be surrendered to the custody of United States Immigration and Customs Enforcement to await removal proceedings. *See* DE 319 at 4; DE 327 at 76. Chavez very likely will be held in an immigration detention facility, and the Court is aware that immigration detention facilities, like prisons, have had confirmed cases of COVID-19 and are implementing measures to respond to the spread of the disease in their populations. The Court has been presented with no information to indicate that Chavez has less of a likelihood of exposure to COVID-19 at an immigration detention facility than at MVCI, which has had no confirmed case of the disease.

Finally, the Court has considered all of the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). Those factors further convince the Court that a sentence reduction is not warranted. The record reflects that Chavez was an organizer or leader of a scheme to import cocaine from Peru into the United States using a tropical fish importation business. *See* DE 327 at 23; DE 342 at 4. He pled guilty in 1995 to the crime of conspiracy to import cocaine, and he was on bond pending sentencing. He did not appear for sentencing and remained a fugitive for several years. *See* DE 327 at 50; DE 342 at 4.

During that time, Chavez fled the United States, was charged with drug trafficking offenses in Peru on two separate occasions, and served two sentences of imprisonment in Peru. *See* DE 327 at 47, 52-54; DE 342 at 4-5. He eventually was extradited to the United States, where he was sentenced in 2016. He received a term of imprisonment at the bottom of the guideline range of 121 to 151 months and has approximately four years to serve before his current release date. The Court finds that a sentence reduction is not justified in light of the nature and circumstances of Chavez's offense, his history and characteristics, and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Jorge Chavez's Motion to Reduce Sentence [DE 349] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of May, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record